UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PARMINDER SINGH,** | Civil Action No. 16-6739 (SDW) |
| Petitioner, | |
| v. | OPINION |
| **CHARLES GREEN,** | |
| Respondent. | |

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Parminder Singh, filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the petition (ECF No. 3), as well as several updates. (ECF Nos. 5-6, 8). Petitioner did not file a reply. For the reasons set forth below, this Court will dismiss the petition without prejudice as premature.

**I. BACKGROUND**

Petitioner, Parminder Singh, is a native and citizen of India who was detained upon his attempt to enter the United States on December 3, 2015. (ECF No. 1 at 5). Upon his attempt to enter the country, Petitioner was discovered to be an alien who was "not in possession of a valid unexpired immigrant visa" or other valid travel document authorizing his entry into the United States. (*Id.*). He was therefore taken into custody without being admitted into the United States and was placed into removal proceedings. (*Id.*). Petitioner remained detained throughout those proceedings, and apparently remains detained at this time. (*Id.*).

1

On or about October 6, 2016, Petitioner filed his current habeas petition challenging his ongoing immigration detention. (*Id.*). While this matter was pending, however, Petitioner was ordered removed from the United States. (*See* Document 1 attached to ECF No. 3). Petitioner appealed, and the Board of Immigration Appeals ("BIA") dismissed his appeal by way of a written opinion on March 27, 2017. (*Id.*). Petitioner thereafter filed a petition for review with the Third Circuit, accompanied by a motion for a stay of removal pending the resolution of his petition for review. (*See* Document 2 attached to ECF No. 6). Although that motion for a stay was temporarily granted pursuant to a standing order of the Third Circuit (*id.*), a Third Circuit motions panel reviewed the temporary stay on June 15, 2017. (Document 1 attached to ECF No. 8). In its order, the motions panel "rescinded" and vacated the temporary stay and denied Petitioner's motion for a stay of removal on the merits as Petitioner had "not shown that he is likely to succeed on the merits." (*Id.*). Petitioner's appeal apparently remains pending before the Third Circuit at this time.

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his

claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

**B. Analysis**

In his petition, Petitioner contends that his continued detention pending the resolution of his case violated Due Process as the length of his detention had become unreasonable. In order to evaluate that claim, the Court must first ascertain the statutory basis for Petitioner's detention. It appears in this matter that, because Petitioner was stopped during his attempt at entering this country and was not admitted into the United States, Petitioner was initially held in this matter pursuant to 8 U.S.C. § 1225, which governs the detention of aliens who are denied entry into the United States as applicants for admission. While § 1225 may have initially controlled Petitioner's detention, because the BIA dismissed Petitioner's appeal and because Petitioner's motion for a stay of removal was ultimately denied by the Third Circuit, Petitioner is currently subject to a final order of removal and is therefore subject to detention pursuant to 8 U.S.C. § 1231. *See* 8 U.S.C. § 1231(a)(1)(B); *Leslie v. Att'y Gen.*, 578 F.3d 265, 268-70 (3d Cir. 2012) (§ 1231 governs the detention of aliens subject to a final order of removal not subject to a stay of removal).

Because Petitioner is subject to a final order of removal and has had his motion for a stay of removal denied by the court of appeals, the propriety of Petitioner's detention is controlled by the Supreme Court's decision in *Zadvydas*. *Leslie*, 578 F.3d at 268-70. In *Zadvydas*, the Supreme Court observed that § 1231(a) commands the Government to detain all aliens subject to administratively final orders of removal during a ninety day statutory removal period. 501 U.S. at 683. The Court also held that the statute does not limit post-removal order detention to this ninety day period; instead the Court found that the statute permits the Government to detain aliens beyond

3

that ninety day period so long as their detention remains "reasonably necessary" to effectuate their removal. *Id.* at 689, 699. Based on these determinations and the Court's observations regarding the ordinary course of removal proceedings, the Court in turn determined that an alien may be detained under § 1231(a) for a period of up to six months following his final order of removal during which his continued detention must be presumed to be reasonable and therefore constitutionally permissible. *Id.* at 701. Thus, where a removable alien has been detained under § 1231(a) for less than six months following the entry of his final order of removal, his challenge must be dismissed as premature. *Id.*

In this matter, Petitioner received a final order of removal when the BIA dismissed his appeal on March 27, 2017. Even if this Court were to assume, *arguendo*, that the temporary stay, which was ultimately vacated and rescinded by the Third Circuit, did not reset or otherwise toll the statutory removal period, Petitioner's post-final order detention has yet to crest the six month presumptively reasonable period established by the Court's ruling in *Zadvydas*. As such, Petitioner's ongoing immigration detention is presumptively reasonable and his current habeas petition must therefore be dismissed as premature.

### III. CONCLUSION

For the reasons expressed above, this Court will dismiss Petitioner's habeas petition without prejudice as premature. An appropriate order follows.


Dated: August 30, 2017                              *s/ Susan D. Wigenton*
                                                    Hon. Susan D. Wigenton,
                                                    United States District Judge

4